UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD NORRIS,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>MAUREEN GREEN and LAYNE CARVER,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-1238-APG-CWH<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS**<br><br>(Dkt. ##10, 16) |

Default was entered against defendants Maureen Green and Layne Carver on November 13, 2015. (Dkt. 7.) Green and Carver are Internal Revenue Service employees. The United States of America, the proper party acting on behalf of Green and Carver, moved to set aside the entry of default. (Dkt. #10.) In the motion, the United States demonstrates that Green and Carver were not properly served under Fed. R. Civ. P. 4(i). Plaintiff Richard Norris does not refute this in his opposition. It is clear that Green and Carver (along with the United States) were not properly served. Therefore, default should not have been entered against Green and Carver. I will set aside the entry of default.

The United States, on behalf of Green and Carver, also moves to dismiss Norris's Amended Complaint for a variety of reasons. (Dkt. #16.) As set forth above, Norris has not properly served his Amended Complaint (or his original Complaint). Thus, his Amended Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(5). Rule 4(m) states

> If a defendant is not served within [120] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Norris did not serve Green, Carver, or the United States within 120 days. Nor has Norris offered good cause—let alone any reason—for that failure. Thus, I must dismiss the Amended Complaint for this reason as well.

In addition to these problems with service of process, Norris's Amended Complaint is substantively defective. In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Norris's Amended Complaint fails to state a plausible claim for relief. He refers to his claims as "trespass" but he does not allege any facts to support that claim. Nor does he identify the property upon which the trespass occurred. Perusing the exhibits attached to Norris's Amended Complaint, it appears that he is claiming that the United States failed to grant his request for a tax refund. But Norris does not explain why he is entitled to a refund and how that claim, even if plausible, can be asserted against defendants Green and Carver. 28 U.S.C. § 7422(f) ("A suit or proceeding [to recover an improper tax payment] may be maintained only against the United States and not against any officer or employee of the United States. . . .")

Finally, the United States points out that Norris's claims are barred by the doctrines of sovereign immunity and failure to exhaust administrative remedies. A taxpayer may sue the United States for a tax refund. *See* 28 U.S.C. § 1346(a)(1) (providing waiver of sovereign immunity for refund suits). But the taxpayer must first pursue the refund administratively.

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

28 U.S.C. § 7422(a). Similarly, a lawsuit for civil damages caused by an IRS employee cannot be filed unless the taxpayer has first exhausted the IRS's administrative remedies. 26 U.S.C. § 7433(d)(1). The Amended Complaint does not allege that Mr. Norris properly filed a claim with the Secretary prior to filing this lawsuit. Therefore, dismissal is appropriate on these grounds as well.

The United States requests that I dismiss the Amended Complaint with prejudice. I am not convinced that amendment would be futile. I will give Mr. Norris an opportunity to demonstrate that he has complied with the applicable rules and statutes regarding service and exhaustion of administrative remedies, and that he has plausible claims for relief. Mr. Norris may file a Second Amended Complaint if he can truthfully allege facts to cure the deficiencies mentioned in this Order and in the United States' motion to dismiss.

IT IS HEREBY ORDERED that the motion to set aside default **(Dkt. #10) is GRANTED**. The clerk's entry of default **(Dkt. #7) is SET ASIDE.**

IT IS FURTHER ORDERED that the motion to dismiss **(Dkt. #16) is GRANTED**. The plaintiff's Amended Complaint is dismissed without prejudice. The plaintiff may file a Second Amended Complaint by May 4, 2016 if he can truthfully allege sufficient facts to cure the deficiencies in the Amended Complaint. If the plaintiff fails to file an amended complaint by that date, this case shall be closed.

Dated: April 5, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE